UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DAWN MARIE ROTTA-HITE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Hon. Paul L. Maloney

Case No. 1:22-cv-898

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it is not supported by substantial evidence.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether

there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on November 22, 2019, alleging that she had been disabled since July 15, 2019, due to rheumatoid arthritis, fibromyalgia, anxiety, depression, osteoarthritis, borderline narcolepsy, alcoholism (recovering), and post-traumatic stress disorder. (PageID.105, 209–12.) Plaintiff was 58 years old at her alleged onset date and 61 years old at the time of the decision in this case. (PageID.105.) Plaintiff had earned a bachelor's degree in communications. (PageID.48, 228.) She had previous employment as an order clerk, a material

handler, a demonstrator of sewing techniques, and a sewing machine salesperson. (PageID.59, 228.) Plaintiff's application was denied initially and on reconsideration, after which she requested a hearing before an Administrative Law Judge (ALJ).

On September July 20, 2021, ALJ Cynthia Harmon held a telephone hearing and received testimony from Plaintiff and Sandra Smith-Cordingly, an impartial vocational expert. (PageID.66–103.) On August 12, 2021, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled from her alleged onset date of July 15, 2019, through the date of the decision. (PageID.44–60.) The Appeals Council denied Plaintiff's request for review on August 10, 2022. (PageID.30–32.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432,434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on September 28, 2022.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4.  If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through December 31, 2024, and had not engaged in substantial gainful activity since July 15, 2019, the ALJ found that Plaintiff suffered from severe impairments of obesity; degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; bilateral carpal tunnel syndrome, status-post surgery; trigger finger of the bilateral thumbs, status-post surgery; and arthritis of the hands. (PageID.47.) The ALJ found that Plaintiff's mental impairments of major depressive disorder and generalized anxiety disorder were non-severe. (PageID.48–49.) In evaluating whether

---

must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

4

Plaintiff's mental impairments were severe, the ALJ considered the "paragraph B" criteria that address four broad areas of mental functioning. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ found that Plaintiff had no limitation in the areas of understanding, remembering, or applying information and adapting or managing oneself, and was mildly limited in the areas of interacting with others and concentrating, persisting, or maintaining pace. (PageID.48–49.)  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.50–51.)

The ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except:

> [S]he can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She can frequently as opposed to repetitively handle and finger bilaterally. She must avoid concentrated exposure to extreme cold, heat, humidity, wetness, vibration, and dangerous workplace hazards such as unprotected heights or dangerous moving machinery.

(PageID.51.)

At step four, the ALJ found that Plaintiff could perform her past work as an order clerk, DOT #249.362-026-010 (SVP 4, sedentary per DOT and performed at sedentary). (PageID.58–59.) Accordingly, the ALJ found that Plaintiff was not disabled. (PageID.59.)

## **DISCUSSION**

Plaintiff presents the following for her statement of errors:

> The Commissioner erroneously failed to give appropriate weight to the opinions of the medical experts, violated agency rules, failed in her duties to provide a fair and full hearing and misapplied the law.

(ECF No. 10 at PageID.718.) From this statement and the argument in her brief, I discern one issue on appeal that is actually developed: the ALJ failed to properly assess the opinion of Plaintiff's treating psychologist, Stella Dial, Ed. D, L.P.[2]

Plaintiff argues that the ALJ failed to give appropriate weight to Dr. Dial's opinion, but ALJs no longer "weigh" opinions. *See Gorman v. Comm'r of Soc. Sec.*, No. 5:20-cv-514, 2022 WL 2284818, at *4 (E.D. Ky. June 23, 2022) (noting that ALJs no longer assign weight to medical opinions or prior administrative findings); *Normile v. Kijakazi*, No. 3:20-CV-346, 2022 WL 619536, at *4 (E.D. Tenn. Mar. 2, 2022) ("While Plaintiff argues that the ALJ failed to provide 'good reasons' for the weight he afforded the medical opinions, under the new regulations, the ALJ is no longer required to assign 'weight' to the opinions or to give good reasons for the weight ascribed to a treating-source opinion."). Because Plaintiff filed her current application after March 27, 2017, the ALJ evaluated the opinion evidence under 20 C.F.R. § 404.1520c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 404.1520c(a). Instead, an ALJ will articulate his or her determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 404.1520c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* §

---

[2] To the extent Plaintiff intended to assert other issues, her failure to list them in her statement of errors and develop them in her brief constitutes a waiver of those issues. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 513 (6th Cir. 2010) (issues not included in plaintiff's statement of errors are waived); *Allen v. Comm'r of Soc. Sec.*, No. 1:16–cv–170, 2016 WL 6471092, at *6 n.4 (W.D. Mich. Nov. 2, 2016) (same); *Oudsema v Comm'r of Soc. Sec.*, No. 1:11–cv–1264, 2013 WL 588925, at *5 (W.D. Mich. Feb. 13, 2013) (same*); see also Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012) (issues raised in a perfunctory manner are deemed waived).

404.1520c(c)(1)–(5). The ALJ must explain his or her consideration of the supportability and consistency factors. *Id.* § 404.1520c(b)(2), (3). The regulation defines "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 404.1520c(c)(1)–(2). It is for the ALJ, rather than a court, to determine "what weight these factors carry." *Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, 2022 WL 17348838, at *2 (6th Cir. Dec. 1, 2022) (citing *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) ("The Secretary, and not the court, is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly.").

The ALJ summarized Dr. Dial's opinion as follows:

> On November 4, 2020, Dr. Dial opined that the claimant was unable to meet competitive standards in maintaining regular attendance and being punctual within customary, usually strict tolerances; sustaining an ordinary routine without special supervision; completing a normal workday and workweek without interruptions from psychologically based symptoms; and performing at a consistent pace without an unreasonable number and length of rest periods (Ex. 14F). She was seriously limited in remembering work-like procedures, maintaining attention for two-hour segments, responding appropriately to changes in a routine work setting, dealing with normal work stress, and working in coordination with or proximity to others without being unduly distracted (*Id.*). Her mental abilities were limited but satisfactory in understanding and remembering very short and simple instructions; carrying out very short and simple instructions; making simple work-related decisions; asking simple questions or requesting assistance; being aware of normal hazards and taking appropriate precautions; and getting along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes (*Id.*). Moreover, the claimant was seriously limited in her ability to understand and remember detailed instructions, carry out detailed instructions, and deal with the stress of semiskilled and skilled work (*Id.*). Setting realistic goals or making plans independently of others were categorized as mental abilities and aptitudes needed

7

>    to do semiskilled and skilled work, and Dr. Dial opined that the claimant had limited but satisfactory ability and aptitude in this area of mental functioning (*Id.*). Furthermore, Dr. Dial opined that the claimant had limited but satisfactory mental abilities and aptitudes to maintain socially appropriate behavior and travel in an unfamiliar place (Id.). She had unlimited or very good mental abilities and aptitudes in interacting appropriately with the general public and traveling in an unfamiliar place (*Id.*). Dr. Dial opined that the claimant had a low IQ or reduced intellectual functioning based on observation only and not based on testing performed by Dr. Dial (*Id.*).

(PageID.57.) The ALJ found the opinion not persuasive for the following reasons:

>    Dr. Dial's opinions are inconsistent with and unsupported by the medical evidence of record. For example, the claimant presented with a normal mood during several mental status examinations (Ex. 6F/17, 42, 8F/6, 9F/2, 10, 15F/2, 18F/2, 23F/10, 25, 27, and 43) and testified that her mental health was stable with conservative treatment (Testimony at 11:37:07 and 11:39:04). She did not require emergency department care or psychiatric hospitalization due to acute mental impairment symptoms during the period in question. Rather, treatment notes indicated that the claimant experienced significant improvement in her mental health due to conservative medication therapy (Ex. 6F/38-39, 9F/2, and 15F/1-2). She earned a college degree in communication (Testimony at 11:08:44). Upon mental status examination, she exhibited an intact ability to concentrate (Ex. 8F/6, 9F/3, 13F/2, 10, 19, 15F/2, 6, 18F/2, and 20F/2). The claimant indicated that she could perform light cleaning and clean the laundry (Ex. 7E/3). She could operate a motor vehicle, shop in stores and by computer, and manage finances (Id. at 4). Furthermore, Dr. Dial's opinions are somewhat internally inconsistent. For instance, Dr. Dial simultaneously opined that the claimant had unlimited or very good mental abilities and aptitude necessary to travel in an unfamiliar place and that the claimant had limited but satisfactory mental abilities and aptitude necessary to travel in an unfamiliar place (Ex. 14F/4). Overall, I find that Dr. Dial's opinions are not persuasive.

(*Id.*)

The ALJ's discussion shows that she properly evaluated Dr. Dial's opinion in accordance with 20 C.F.R. § 404.1520c(a) and (b) by articulating several relevant considerations in finding the opinion unpersuasive. First, the ALJ found the opinion inconsistent with Plaintiff's mostly normal mental status examinations, showing that on many occasions, Plaintiff presented with a normal mood and an intact ability to concentrate. *See Mason v. Comm'r of Soc. Sec.*, No. 17-2407, 2018 WL 6133750, at *1 (6th Cir. Apr. 30, 2018) ("relatively normal" mental status examinations,

8

among other considerations, were a proper basis to discount the treating psychiatrist's opinion); *O'Connell v. Comm'r of Soc. Sec.*, No. 16-1392, 2017 WL 4570466, at *2 (6th Cir. Feb. 27, 2017) (same). Second, the ALJ noted Plaintiff's hearing testimony that she was "stable" with conservative medication treatment (PageID.91–93), as well as treatment notes showing that Plaintiff experienced significant improvement with conservative medication treatment. *See Mason*, 2018 WL 6133750, at *1 (the plaintiff's improved condition with prescribed medication regimen was a proper basis for assigning treating psychiatrist's opinion little weight); *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 806 (6th Cir. 2011) (concluding that the ALJ properly discounted the treating physician's opinion based on the plaintiff's "conservative treatment"); *Leppien v. Comm'r of Soc. Sec.*, No. 1:15-cv-722, 2016 WL 3661851, at *5 (W.D. Mich. July 11, 2016) ("The Sixth Circuit has found that conservative treatment may constitute a 'good reason' for discounting a treating physician's opinion."). The ALJ also noted that Plaintiff did not require emergent or more intense treatment during the relevant period. Third, the ALJ found that Dr. Dial's significant mental limitations were at odds with Plaintiff's reported daily activities, which included light housework, driving, shopping in stores, and managing her finances. *See Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 342 (6th Cir. 2008) ("The ALJ additionally found that Dr. West's conclusion was inconsistent with Kidd's daily activities and credibility as a whole."). Finally, the ALJ appropriately found the opinion "somewhat internally inconsistent" because Dr. Dial made contradictory findings. *See Makela v. Comm'r of Soc. Sec.*, No. 22-1047, 2022 WL 9838285, at *5 (6th Cir. Oct. 17, 2022) (concluding that the ALJ did not err in declining to defer to a medical opinion where the doctor's restrictive limitations were inconsistent with the doctor's own examination findings).

9

Plaintiff contends that the ALJ "selectively cited," or cherry-picked, the records to mischaracterize her mental health status. (ECF No. 10 at PageID.729.) For example, Plaintiff cites a November 4, 2019 treatment note from her primary care provider cited by the ALJ (PageID.416) and asserts that "[w]hile an argument could be made that the Claimant reported some improvement in medication change," it also indicates that Plaintiff had not been cured of her depression and anxiety, and the doctor recommended that she continue treating with Dr. Dial. (*Id.*; PageID.419.) Plaintiff further argues that another record the ALJ cited from March 4, 2020, to support "a normal mood" (PageID.393) shows that Plaintiff had reported depression symptoms lasting several days during the previous two weeks. Plaintiff asserts that, as of this date, she still had a diagnosis of moderate major depression requiring treatment. (ECF No. 10 at PageID.728.) Finally, Plaintiff cites treatment records reflecting her reports of increased anxiety and depression to Dr. Dial and contradicting the ALJ's finding that Plaintiff had experienced significant improvement in her mental health due to her medication. (PageID.374, 523.)

Plaintiff's argument lacks merit. First, many of the records Plaintiff cites are based on her subjective complaints to Dr. Dial and other providers, rather than objective findings. These complaints alone are insufficient to establish disability. *See Bell v. Barnhart*, 148 F. App'x 277, 285 (6th Cir. 2005) ("There is no indication that Dr. McFadden's opinion was supported by anything other than Bell's self-reports of his symptoms. Such reports alone cannot support a finding of impairment."). The ALJ was entitled to credit the objective mental status findings over Plaintiff's subjective complaints. Moreover, the fact that other evidence exists in the record that could support a different outcome is not a basis to reverse the Commissioner's decision if the ALJ's decision is supported by substantial evidence. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) ("The findings of the Commissioner are not subject to reversal

merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without the fear of court interference.") (citation omitted); *Moss v. Comm'r of Soc. Sec.*, No. 1:20-cv-243, 2021 WL 2282694, at *6 (W.D. Mich. June 4, 2021) (noting that "an ALJ's decision is not subject to reversal, even though there may be substantial evidence in the record that would have supported the opposite conclusion, if substantial evidence also supports the conclusion that was reached by the ALJ") (citation omitted). Here, the ALJ cited substantial evidence supporting her conclusion that Plaintiff's mental symptoms improved with medication treatment during the relevant period. (PageID.414–15, 474, 541.)

Because the ALJ's evaluation of Dr. Dial's opinion is supported by substantial evidence, Plaintiff's argument amounts to a request that the Court to reweigh the evidence and substitute its judgment for that of the ALJ, which it may not do. *See Brainard*, 889 F.2d at 681 (citation omitted); *see also Rumsey v. Comm'r of Soc. Sec.*, No. 1:17-cv-749, 2018 WL 4346823, at *4 (W.D. Mich. Aug. 13, 2018), *report and recommendation adopted*, 2018 WL 4334624 (W.D. Mich. Sept. 11, 2018) ("The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence.") (citing *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012)). In sum, the ALJ's decision shows that she considered the record as a whole and rendered a decision supported by substantial evidence.

## CONCLUSION

For the reasons stated herein, I recommend that the Commissioner's decision be **affirmed.**

Dated: March 14, 2023 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).